**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **FAROUKOU BODE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-215** |
| | § | |
| **WARDEN OF PORT ISABEL** | § | |
| **DETENTION CENTER**, in his official | § | |
| capacity, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Faroukou Bode's "Petition for a Writ of Habeas Corpus" (Bode's "§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Bode's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Bode, a citizen of Togo proceeding pro se, is in immigration custody at the Port Isabel Detention Center ("PIDC") located in Los Fresnos, Texas. Dkt. No. 1 at 2, 6. On June 18, 2025, the immigration judge ("IJ") issued an order of removal to Togo. *Id.* at 6. Bode subsequently appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). *Id.* On December 15, 2025, Bode's appeal to the BIA was denied. *Id.*

---

[1] Information obtained from Bode's § 2241 Petition. *See* Dkt. No. 1. Bode's A-number is A-221042301, and his country of origin is Togo. Dkt. No. 1 at 5–6.

## II.    LEGAL STANDARDS

### A.    Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise.  *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).  Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte.  *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1.  Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement.  *Lujan*, 504 U.S. at 559.  Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision."  *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002).  For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention."  *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted).  A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction.  *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B.      28 U.S.C. § 2241:** *Habeas Review of Final Orders of Removal*

The district courts may grant writs of habeas corpus to persons in federal custody in violation of federal law. 28 U.S.C. § 2241(a), (c)(1), (c)(3). This power extends to immigrant detainees in custody beyond the statutorily mandated removal period. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Habeas review of removal orders, however, is conditioned on the detainee first exhausting all available administrative remedies. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies should result in dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

**C.      *Zadvydas v. Davis***

Immigration judges are authorized to issue orders of removal, which become final once the Board of Immigration Appeals ("BIA") has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.). Generally, the Government has 90 days to execute a final removal order and remove the unauthorized immigrant from the United States. 8 U.S.C. § 1231(a)(1)(A).

Though § 2241 proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention," the detainee's ability to seek habeas relief is subject to certain time constraints. *Zadvydas*, 533 U.S. at 688. When the Government fails to execute a removal order within the 90-day period, post-removal

detention must be limited to a period "reasonably necessary" to effectuate removal; indefinite detention is impermissible. *Id*. at 689.

This does not mean that any amount of post-removal-period of confinement is unlawful; rather, the Government's obligation to rebut a presumption of indefinite detention does not activate until after detention has been ongoing longer than six months, and only after the immigrant detainee first makes a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. Up to six months of immigration detention after entry of a final removal order is, therefore, "presumptively reasonable." *Id*.; *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam).

In arriving at the six-month presumption, the United States Supreme Court acknowledged the sensitive interplay of separation of powers concerns and national interests in the immigration context. *See Zadvydas*, 533 U.S. at 700. The six-month presumption, then, reflected a reasoned judgment that earlier review of post-removal-period detention posed too great a risk to institutional interests to properly warrant judicial scrutiny.

## III.   DISCUSSION

Here, Bode's appeal to the BIA of the IJ's order of removal was dismissed on December 15, 2025. Dkt. No. 1 at 6. Therefore, it has only been four months since he was issued a final order or removal, so his petition is unripe.[2] Dkt. No. 1 at 6; 8 U.S.C. §

---

[2] Further, Bode claims that he has another immigration case "currently pending a review in the Ninth Circuit Court of Appeal[s]", although Bode does not provide any identifying information for the Court to locate his case. Dkt. No. 1 at 10. Regardless, a pending appeal could only shorten Bode's window in which he has been detained under a final order of removal.

1231(a)(i)(B)(i) ("The removal period begins … [t]he date the order of removal becomes administratively final."); *Zadvydas*, 533 U.S. at 688 (stating that the post-removal-period detention statute applies only after a noncitizen has been ordered removed). This is fatal to Bode's § 2241 Petition because it falls short of six months; it falls within the window of presumptive reasonableness. *See Zadvydas*, 533 U.S. at 701; *see also Chance*, 453 F. App'x at 536.

As a result, judicial intervention at this stage is premature and, for the reasons explained in *Zadvydas*, would be imprudent considering the Executive branch's primary prerogative over the administration of immigrant removal. *See Zadvydas*, 533 U.S. at 700. The Court interprets Bode's remaining arguments to be derivative of his claim that his detention is unreasonably prolonged and there is no significant likelihood of removal. Dkt. No. 1 at 10–14. Accordingly, Bode's claim is not ripe and is subject to dismissal for lack of subject matter jurisdiction.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Bode's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).


**SIGNED** on this **17th** day of **April, 2026** at Brownsville, Texas.

_____

**Ignacio Torteya, III**
**United States Magistrate Judge**